IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DANIELE P.,[1]<br><br>            Plaintiff,<br>    v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>            Defendant. | Case No.: 3:23-cv-00707-AN<br><br>OPINION AND ORDER |

      Daniele P. ("Plaintiff") brings this action seeking judicial review of the Commissioner of the Social Security Administration's ("Commissioner") denial of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The Court has jurisdiction over Plaintiff's appeal pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons explained below, the Court affirms the Commissioner's decision.

## BACKGROUND

**I.    Plaintiff's Application**

      Plaintiff was born in November 1972, making her forty years old on her amended alleged onset date of March 14, 2013. Tr. 45, 161. Plaintiff has a high school education and past relevant work experience as a housekeeper cleaner. Tr. 763. In her applications, Plaintiff alleges disability due to multiple sclerosis ("MS"), Sjogren's syndrome, sleep apnea, osteoarthritis, chronic depression, post-traumatic stress disorder ("PTSD"), and anxiety. Tr. 161, 175, 867,

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party.

1

880.

The Commissioner denied Plaintiff's applications initially and upon reconsideration. Tr. 208, 214, 217. On August 1, 2017, Plaintiff appeared with counsel for a hearing before Administrative Law Judge Allen Erickson. Tr. 35-98. On September 7, 2017, ALJ Erickson issued a written opinion, finding Plaintiff not disabled. Tr. 12-34. The Appeals Council denied review. Tr. 1. Plaintiff then appealed to the U.S. District Court, and Judge Mark Clarke remanded the claim for further proceedings. Tr. 809

On March 9, 2021, Plaintiff appeared with counsel for a remand hearing before ALJ Michaelson. Tr. 775-801. On April 20, 2021, ALJ Michaelson issued a written opinion, finding Plaintiff not disabled. Tr. 745-74. The Appeals Council denied review. Tr. 718. Plaintiff now seeks judicial review of ALJ Michaelson's decision.

## II.     Sequential Disability Evaluation

The Social Security Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step sequential procedure. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the burden for steps one through four, and then the burden shifts to the Commissioner at step five. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

The five-step evaluation requires the ALJ to determine: (1) whether a claimant is "doing substantial gainful [work] activity"; (2) whether the claimant has a "medically determinable physical or mental impairment" or combination of impairments that is severe and either lasts at least a year or can be expected to result in death; (3) whether the severity of the

claimant's impairments meets or equals one of the various impairments specifically listed by Commissioner; (4) whether the claimant's residual functional capacity ("RFC") allows the claimant to perform her past relevant work; and (5) whether, given the claimant's RFC, age, education, and work experience, the claimant can make an adjustment to other work that "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1520(a), 416.920(a).

### III.    The ALJ's Decision

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of March 14, 2013. Tr. 752. At step two, the ALJ determined that Plaintiff suffered from the following severe, medically determinable impairments: multiple sclerosis ("MS"), Sjogren's syndrome, asthma, cervical spine degenerative disc disease, and major depressive disorder. *Id.* At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a listed impairment. Tr. 753. The ALJ then concluded that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) and 416.967(a), with the following limitations:

> She is limited to no more than occasional balancing, stooping, crouching, crawling, kneeling, or climbing of ramps and stairs. She would be precluded from climbing ropes, ladders, or scaffolds. She can use bilateral foot controls occasionally. She is further limited to no more than occasional exposure to vibrations, temperature extremes, unprotected heights, moving machinery, and similar hazards. [She] would need to avoid concentrated exposure to dust, fumes, gases, poor ventilation, and other noxious odors. [She] would be limited to simple, repetitive, routine tasks.

Tr. 756. At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. Tr. 763. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as "Eye Glass Assembler (DOT# 713.687-018), sedentary, (SVP 2), 39,425 jobs available"; "Jewelry Preparer (DOT# 700.687-062),

sedentary, (SVP 2), 24,700 jobs available); and "Fishing Equipment Assembler (DOT# 732.684-062), sedentary, (SVP 2), 14,700 jobs available." Tr. 764. Therefore, the ALJ concluded that Plaintiff is not disabled. Tr. 764-65.

## STANDARD OF REVIEW

The district court may set aside the Commissioner's denial of benefits only if the ALJ's findings are "'not supported by substantial evidence or is based in legal error.'" *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). The district court "cannot affirm the [ALJ's] decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record. *Id.* Where the record as a whole can support either the grant or denial of benefits, the district court "'may not substitute [its] judgment for the ALJ's.'" *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## DISCUSSION

Plaintiff argues that new evidence shows the VE's job numbers are severely inflated, rendering the VE's testimony unreliable. Pl.'s Br. at 4 (ECF No. 8). As explained below, the Court finds that the ALJ did not err.

I.  **Applicable Law**

"A VE's recognized expertise provides the necessary foundation for his or her testimony." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). "[I]n the absence of any

contrary evidence, a VE's testimony is one type of job information that is regarded as inherently reliable; thus, there is no need for an ALJ to assess its reliability." *Buck v. Berryhill*, 869 F.3d 1040, 1051 (9th Cir. 2017). In *Buck*, the Plaintiff submitted post-hearing evidence of job numbers to the ALJ, alleging they used the same software program as the VE, which showed significantly less jobs than the VE proffered. *Id.* at 1047. The Ninth Circuit reversed and remanded for further proceedings, given the direct conflict in evidence opining that "the vast discrepancy between the VE's job numbers and those tendered by [Plaintiff], presumably from the same source, is simply too striking to be ignored." *Id.* at 1052. That said, courts have consistently held that a VE's testimony is not undermined when the Plaintiff uses a different source or methodology than the VE. *See*, *e.g.*., *Kremlingson v. Saul*, 800 F. App'x 531, 532–33 (9th Cir. 2020) (finding that the Plaintiff's "lay interpretation" of job numbers she found online and of the VE's data was insufficient to preclude the ALJ from relying on the VE's testimony); *Tracey Anne P. v. Kijakazi*, No.20-cv-1163, 2021 WL 4993021, at *11 (S.D. Cal. Oct. 27, 2021) (concluding that the Plaintiff's "lay assessment" of Job Browser Pro data did not undermine the reliability of the VE's assessment of U.S. Department of Labor and Job Browser Pro data); *Dickerson v. Saul*, No. 20-cv-01585, 2021 WL 3832223, at *6 (D. Nev. Aug. 27, 2021) ("Plaintiff's assessment of the raw vocational data derived from Job Browser Pro and Occu-Collect does not undermine the reliability of the vocational expert's opinion.") *Solano v. Colvin*, No. SA CV 12-01047, 2013 WL 3776333, at *1 (C.D. Cal. July 16, 2013) (finding that Plaintiff's data from a source not relied on by the VE did not undermine the reliability of the VE's testimony). While VE testimony "is not incontestable," it "is ordinarily sufficient by itself to support an ALJ's step-five finding," especially absent evidence from "the same computer software [used by] the VE." *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1192-1193 (9th Cir. 2022).

**II.    Analysis**

Plaintiff preserved her argument by questioning the VE during the hearing and then submitting supplemental evidence to the Appeals Council, challenging the accuracy of the VE's job numbers. Tr. 728, 743, 782-85.; *see Shaibi v. Berryhill*, 883 F.3d 1102, 1103 (9th Cir. 2017) ("We hold that [a social security] claimant must, at a minimum, raise the issue of the accuracy of the expert's estimates at some point during administrative proceedings to preserve the challenge on appeal in federal district court."); *Id.* at 1108 (concluding that the claimant waived challenging the VE's numbers by failing to "cross-examine the VE as to the accuracy of those estimates, or challenge that accuracy before the Appeals Council"). The VE testified that there were 24,700 jewelry preparer jobs, 39,425 eyeglass assembler jobs, and 14,700 fishing equipment assembler jobs available in the national economy. Tr. 782. When questioned by Plaintiff's counsel, the VE explained that he relied on SkillTRANS to obtain job numbers for the fishing equipment assembler and jewelry preparer jobs. Tr. 785. As for the eyeglass assembler job, the VE explained that he used a variety of sources including commercial products like Data Axle and SkillTRANS, and he explained further that Data Axle provided a listing of people working in the Bureau of Labor's Standard Occupational Classification (SOC) codes. Tr. 783-85. According to Plaintiff, however, Job Browser Pro showed that there were only 27 eyeglass assembler jobs and 19 fishing equipment assembler jobs in the national economy. Tr. 1204-05. As for the jewelry preparer job, Plaintiff asserts that Job Browser Pro reported "not applicable." Tr. 1204.

The parties dispute as to whether Plaintiff used the same methodology as the VE when determining the job numbers for the occupations identified by the VE. It is clear that Plaintiff did not follow the VE's methodology for the eyeglass assembler job, given that the VE used a wide array of sources and Plaintiff simply used Job Browser Pro. Tr. 742-43, 783-85. As

6

for the jewelry preparer and fishing equipment assembler jobs, Plaintiff used Job Browser Pro which is SkillTRAN's "flagship program." Tr. 742-43. However, even if Plaintiff did use the same methodology as the VE for jewelry preparer and fishing equipment assembler jobs, alternative job numbers are not considered significant or probative if no information about how the job numbers were produced is provided. *Wischmann v. Kijakazi*, 68 F.4th 498, 507 (9th. Cir. 2023). "Job Browser Pro software is meant to assist a VE in performing a complex matching exercise of various sources of information from official and private sources, experience in using the program and interpreting the output would ordinarily be necessary to produce probative results." *Wischmann*, 68 F.4th at 507. Plaintiff does not explain who generated the alternative numbers and if they had requisite expertise in developing job numbers, or if the numbers were generated by someone with "no identified expertise in calculating job figures in the national economy." *Id*. Nor does Plaintiff explain what methodology was used to generate data queries, or even what version of the software program was used. *Id*.; Tr. 742-43. Therefore, Plaintiff provides no basis to conclude the alternative job numbers qualify as significant probative evidence that the ALJ must address. *See Tobeler v. Colvin*, 749 F.3d 830, 834 (9th Cir. 2014) (noting that an ALJ need not discuss evidence that a lay witness is "not competent" to provide).

   Therefore, the ALJ did not err in relying on the VE's testimony, nor does Plaintiff properly contest the VE's testimony.

## CONCLUSION

For the reasons set forth in this opinion, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this  1st  day of May, 2024.

Adrienne Nelson
United States District Judge